# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/Misc. |

Herandez Cortez Evans
*Plaintiff*

vs.

RentDebt Automated Collections, LLC;
Trans Union, LLC

*Defendants*

# COMPLAINT

PLAINTIFF, as and for his causes of action (i.e., violations of the Telephone Consumer Protection Act, the Minnesota Automatic Dialing-Announcing Devices Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act) against the above-named defendant, states and alleges as follows:

### Introduction

1.  The following case alleges prolonged harassment and unconscionable means to collect an alleged debt not owed by Plaintiff. In an effort to collect this disputed debt, Defendant RentDebt Automated Collections, LLC used an automatic telephone dialing system (the "ATDS") to repeatedly call and harass Plaintiff. It also falsely reported to the consumer reporting agency Trans Union that Plaintiff owed five hundred dollars to "09 Sure Deposit Wattertown", thereby damaging Plaintiff's credit score and unlawfully frustrating his ability to utilize the credit system. Defendant RentDebt Collections also failed to make legally required consumer

disclosures to Plaintiff, leading him to falsely believe that he had no recourse other than to pay the alleged debt in question. Accordingly, Plaintiff commenced this action.

## Statement of Jurisdiction and Venue

2. This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 (b) (3), the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d), and the presumption of concurrency.

3. Venue is proper pursuant to Minn. Stat. § 542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

## Parties

4. Plaintiff is an adult resident of Hennepin County, Minnesota.

5. Defendant Trans Union LLC ("Trans Union") is a foreign company.

6. Defendant RentDebt Automated Collections, LLC ("RentDebt") is a foreign corporation.

7. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

## Facts

8. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32), a "subscriber" as defined by Minn. Stat. §325E.26 subd. 5, and a "consumer" as defined by 15 U.S.C. §1692a(3).

9. Defendant RentDebt is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32), a "caller" as defined by Minn. Stat. §325E.26 subd. 3, and a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

11. Plaintiff's telephone number, (xxx) xxx-7833, is assigned to a "cellular telephone service" as that term is used in 47 U.S.C. § 227b(1)(A)(ii).

12. The alleged debt owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The calls mentioned herein constitute "communications" as defined by 15 U.S.C. §1692a(2).

14. Upon information and belief, a debt allegedly owed by Plaintiff was sold, assigned, or otherwise placed with Defendant RentDebt for the purposes of collection.

15. Plaintiff is informed and believes, and thereon alleges, that on multiple occasions all prior to the date this Complaint was filed, Defendant RentDebt contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

16. On several occasions Defendant RentDebt's ATDS would dial Plaintiff; when Plaintiff answered these phone calls, a representative was either entirely unavailable or a pre-recorded message came on the line.

17. On several occasions during phone calls Plaintiff requested additional information about Defendant RentDebt, but RentDebt refused to provide contact information.

18. The telephone number Defendant RentDebt called was assigned to a cellular telephone service as required by 47 U.S.C. § 227 (b)(1).

19. Plaintiff is informed and believes, and thereon alleges, that these telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

5

20. Defendant RentDebt placed or caused to be placed these telephone calls in violation of 47 U.S.C. § 227(b)(1).

21. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendant RentDebt used an "automatic dialing-announcing device" as defined by Minn. Stat. §325.26 Subd. 2.

22. Plaintiff is informed and believes, and thereon alleges, that Plaintiff did not request, consent to, permit, or authorize receipt of said messages pursuant to Minn. Stat. §325E.27(a).

23. Defendant RentDebt placed or caused to be placed these telephone calls in violation of Minn. Stat. §325E.27.

24. Despite these various and repeated calls, Defendant RentDebt failed to provide legally required consumer disclosures to Plaintiff, leading him to believe that he had no recourse other than to pay the alleged debt in question to stop the calls.

25. Plaintiff is informed and thereon alleges that on at least one occasion Defendant RentDebt threatened to take legal action that RentDebt did not intend to take.

26. On at least one occasion Plaintiff requested that Defendant RentDebt stop calling him, yet the calls in question continued.

27. After the calls in question began, Plaintiff reviewed his consumer reports maintained by Trans Union and discovered that Defendant RentDebt had reported an account as owing and delinquent.

28. Defendant RentDebt placed an inaccurate derogatory collection tradeline alleging Plaintiff presently currently owed $500 a bizarrely named company "09 Sure Deposit Wattertown".

29. Plaintiff owed no money to any company by the name of 09 Sure Deposit Wattertown.

30.  09 Sure Deposit Wattertown has never sued or otherwise demanded payment from Plaintiff.

31.  Defendant RentDebt had no legal basis for attempting collection of this amount or any associated collection fees.

32.  Defendant Trans Union prepared and issued credit reports concerning Plaintiff that included this inaccurate information.

33.  On at least one occasion prior to the filing of this Complaint, Plaintiff notified Trans Union of the disputed nature of this RentDebt account.

34.  Despite this Trans Union continued to report the RentDebt accounts as due and owing.

35.  The direct result of this reporting was significant damage to Plaintiff's credit rating, thereby making it impossible for Plaintiff to obtain favorable loans, secure housing, or gain approval for any reasonably priced credit card.

36.  By failing to stop calling after being requested to do so, Defendant RentDebt violated 15 U.S.C. § 1692d.

37.  By placing harassing dead air calls to Plaintiff's cell phone, Defendant RentDebt violated 15 U.S.C. § 1692d.

38.  By attempting to collect a debt not authorized by law or contract, Defendant RentDebt violated 15 U.S.C. § 1692e(2).

39.  By furnishing false information about Plaintiff to Trans Union and other consumer reporting agencies, Defendant RentDebt violated 15 U.S.C. § 1692e(8).

40.  By failing to disclose its identity, Defendant RentDebt violated 15 U.S.C. §1692e(11).

41.  By assessing unauthorized collection fees Defendant RentDebt violated 15 U.S.C. §1692f(1).

42. By failing to deliver the disclosures mandated by 15 U.S.C. §1692g, Defendant RentDebt violated the subsection.

43. By collecting fees not expressly authorized by law or contract, Defendant RentDebt violated 15 U.S.C. §1692g(1).

44. As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation.

### Specific Claims

*Count I – Negligent Violations of the Telephone Consumer Protection Act*

*(Against RentDebt)*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

*Count II – Knowing and/ or Willful Violations of the Telephone Consumer Protection Act*

*(Against RentDebt)*

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's knowing and/ or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

*Count III – Violation of the Minnesota Automatic Dialing-Announcing Devices Act*
*(Against RentDebt)*

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Minn. Stat. §325E.27.

54. Pursuant to Minn. Stat. §325E.31, Defendant is subject to a private cause of action under Minn. Stat. §8.31 and is subject to remedies including damages, reasonable costs and disbursements, reasonable attorney's fees, and injunctive relief.

*Count IV – Violation of Fair Debt Collection Practices Act*
*(Against RentDebt)*

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. By engaging in the aforementioned behaviors, Defendant violated 15 U.S.C. § 1692d, e(2), e(8) e(11), f(1), and g.

57. As a result of Defendant's violations, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages and $1000 in statutory damages, together with all costs and attorney's fees incurred in bringing this action.

*Count V – Negligent Noncompliance with FCRA*

*(Against Trans Union)*

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Trans Union negligently failed to comply with the requirements of the FCRA, including but not limited to:

   a. failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

   b. failing to comply with the requirements of 15 USC § 1681b;

   c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

   d. failing to comply with the requirements of 15 USC § 1681g;

   e. failing to comply with the requirements of 15 USC § 1681i; and

   f. failing to comply with the requirements of 15 USC § 1681c-2.

23. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.


24. Plaintiff requests attorney's fees pursuant to 15 USC § 1681o(a).

*Count VI – Willful Noncompliance with FCRA*

*(Against Trans Union)*

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Trans Union willfully failed to comply with the requirements of FCRA, including but not limited to:

    a. failing to follow reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b of the FCRA, as required by 15 USC § 1681e(a);

    b. failing to comply with the requirements of 15 USC § 1681b;

    c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

    d. failing to comply with the requirements of 15 USC § 1681g;

    e. failing to comply with the requirements of 15 USC § 1681i; and

    f. failing to comply with the requirements of 15 USC § 1681c-2.

27. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with his normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

28.   Plaintiff requests attorney's fees pursuant to 15 USC § 1681n(a).

## Jury Demand

60.   Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendants as follows:

a.   all actual compensatory damages suffered;

b.   statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

c.   statutory damages of $1,500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

d.   statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

e.   statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C.   §1681n;

f.   injunctive relief prohibiting such conduct in the future;

g.   reasonable attorney's fees, litigation expenses, and cost of suit; and

h.   any other relief deemed appropriate by this Honorable Court.

Dated: April 20, 2019          Respectfully Submitted,

By: s/David J.S. Madgett
David J.S. Madgett
MADGETT & KLEIN, PLLC
Atty. Reg. No. 0390494
619 South Tenth Street
Suite 301
Minneapolis, MN 55404
(612) 419-0589
Dmadgett@madgettlaw.com

ATTORNEY FOR PLAINTIFF

12

## Acknowledgement

Plaintiff acknowledges that, pursuant to Minn. Stat. Sec. 549.21 sub. 2, the Court in its discretion may award costs, disbursements, reasonable attorney's fees and witness fees to the parties against whom costs, disbursements, reasonable attorney's fees and witness fees were charged in bad faith.

Dated: April 11, 2019     By: /s/ David J.S. Madgett
                          David J.S. Madgett
                          ATTORNEY FOR PLAINTIFF